IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAMAR A. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> EEOC BALTIMORE FIELD OFFICE, et al., <br><br> Defendant. | Case No.: 1:25-cv-00205-JRR |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT EEOC'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant EEOC Baltimore Field Office (the "EEOC"), through undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss, or in the alternative, motion for summary judgment regarding the Complaint, ECF No. 1 ("Complaint") filed by Plaintiff Lamar A. Williams ("Plaintiff").

Plaintiff's claim against the EEOC is barred by sovereign immunity and should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claim can be construed as arising under FOIA, Plaintiff never made any FOIA request to the EEOC, and therefore any FOIA claim should be dismissed for failure to exhaust administrative remedies and lack of subject matter jurisdiction under Rule 12(b)(1) and/or failure to state a claim under Rule 12(b)(6). In addition, Plaintiff's Complaint is nonsensical, does not satisfy Rule 8, and should be dismissed for failure to state a claim under Rule 12(b)(6). In the alternative, the EEOC asks that summary judgment be entered in its favor.

**BACKGROUND**

On January 22, 2025, Plaintiff filed the Complaint commencing this action. ECF No. 1. As against the EEOC, Plaintiff alleges as follows:

> The EEOC Baltimore Field Office has done nothing to demand the evidence that I seek, and instead are planning to potentially dismiss the case and find no probable cause. In fact one of their workers tried to appease and coax me into accepting the EEOC's finding of no probable cause in September 2024. There is no way the EEOC could've finished their investigation without having obtained the discovery and questioned the witnesses I requested of them to question. Frankly speaking this is malarkey!

ECF No. 1 at 6. While Plaintiff describes the nature of his suit as one arising under the Freedom of Information Act ("FOIA") in his Civil Cover Sheet, *see* ECF No. 1-1, the above-quoted allegations indicate that Plaintiff's claim against the EEOC is that the EEOC failed to properly investigate or process an employment discrimination charge. Even if Plaintiff's claims were construed as being brought under FOIA, the EEOC has no record of ever having received a FOIA request from Plaintiff. *See* Exhibit 1, Declaration of Michael L. Heise.

Notably, Plaintiff has been a party to *numerous* lawsuits before this Court (and an even greater number of appeals to the Fourth Circuit)—none of which have been successful. The instant case is one of at least 10 civil actions that Plaintiff has filed since 2017. The civil lawsuits began with allegations of illegal discrimination against Baltimore County related to the termination of his employment, which are not unlike the allegations being asserted against Baltimore City in the instant case. *See Williams v. Baltimore County Government*, Case No. 17-cv-0066-GLR. Summary judgment was granted in favor of Baltimore County. *Id.*, ECF No. 154 (Memorandum opinion dated May 21, 2018). Plaintiff went on to file a number of lawsuits, including, for example, *Williams v. Hanlon*, Case No. 19-cv-00550-RDB, against Judge Bredar, Judge Coulson, Judge Gallagher, the then-United States Attorney for the District of Maryland, and many others.

Judge Bennett dismissed these claims *sua sponte*, finding that "Williams has failed to articulate allegations which may be suitably addressed by this Court or to which the named Defendants should be required to respond." *Id*., ECF No. 15 at 5-6 (Memorandum Opinion dated Apr. 15, 2019). Plaintiff later filed a civil action against the entire bench, as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. Supreme Court, and other defendants in *Williams v. United States of Amerikkka*, Case No. 21-cv-537-DKC, which Judge Chasanow *sua sponte* dismissed for the same reasons stated by Judge Bennett in *Hanlon*. *See* Case No. 21-cv-537-DKC, ECF No. 5 at 5 (Memorandum Opinion dated Apr. 30, 2021). Judge Russell dismissed Plaintiff's claims for the same reasons in *Williams v. Farmer*, Case No. 23-cv-305-GLR, ECF No. 3 at 2 (Order dated Feb. 28, 2023) ("Williams has failed to articulate allegations which may be suitably addressed by this Court or to which the named Defendants should be required to respond."). As did Judge Griggsby in a (separate) case also captioned *Williams v. United States of Amerikkka*, Case No. 23-cv-2046-LKG, ECF No. 15 at 3 (Order dated Oct. 10, 2023) ("The Court has carefully examined the Complaint and finds that it does not state a plausible claim for relief."). Plaintiff's other civil cases filed in this Court include *Williams v. Mayhew*, Case No. 18-cv-03545-LKG; *Williams v. Gardina*, Case No. 18-cv-03623-ELH; *Williams v. Dunbar Security Systems*, Case No. 20-cv-01803-ELH; *Williams v. Fontanez*, Case No. 22-cv-01882-LKG.

Also of note, on September 10, 2021, then Chief Judge Bredar issued an Order barring Plaintiff from communicating with the Court except by written document properly filed with the Clerk on paper. *See In re Lamar A. Williams*, Case No. 21-mc-553, ECF No. 1. The Order was issued in response to inappropriate *ex parte* communications with the judges' chambers. The Fourth Circuit affirmed. *In re Lamar A. Williams*, App. No. 21-2159, ECF No. 20-1 (4th Cir. Oct. 3, 2022). Plaintiff subsequently violated the Order barring him from contacting chambers, was

3

charged with one count of criminal contempt in violation of 18 U.S.C. § 401, and, after a bench trial, was convicted and sentenced to 47 days' confinement. *See Williams v. United States of Amerikkka*, Case No. 21-cv-537-DKC, ECF No. 5 (Memorandum Opinion), at 2 (describing history of *United States v. Williams*, Case No. 18-cr-413-TDC).

## ARGUMENT

### I. Legal Standards

The EEOC files this motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, the EEOC asks the Court to grant summary judgment in its favor pursuant to Rule 56.

*Rule 12(b)(1)*. A defendant can move for dismissal of a plaintiff's case under Rule 12(b)(1) for lack of subject matter jurisdiction by asserting the plaintiff does not have any "right to be in the district court at all." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The federal district courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the United States Constitution and affirmatively granted by federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing the court's power to hear their case. *In re Moore*, 488 F. Supp. 3d 231, 235 (D. Md. 2020). In ruling on a Rule 12(b)(1) motion, the Court "may consider evidence outside of the pleadings without converting the motion to one for summary judgment." *Id.* at 236.

*Rule 12(b)(6)*. To defeat a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or

conclusory statements do not suffice and are not entitled to the assumption of truth. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). In ruling on a Rule 12(b)(6) motion, the Court is generally limited to considering the well-pled allegations of the Complaint, subject to certain exceptions.

<u>Rule 56</u>. If a party provides the court with material outside the pleadings and the court considers that material in resolving a Rule 12(b)(6) motion, then the court may treat the motion to dismiss as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Dabas v. Brennan*, Case No. 17-cv-00392-CCB, 2018 WL 1300965, at *3 (D. Md. Mar. 13, 2018). Rule 12(d) of the Federal Rules of Civil Procedure governs conversion of a motion to dismiss into a motion for summary judgment. A proper Rule 12(d) conversion requires two things. First, that "all parties must 'be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which can be satisfied when a party is "aware that material outside the pleadings is before the court." *Dabas*, 2018 WL 1300965, at *3. A "motion's alternative caption and attached materials are in themselves sufficient indicia." *Id.* at *4. Second, the parties must "be afforded a reasonable opportunity for discovery." *Id.* at *3.

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "material" only if it "might affect the outcome of the suit under the governing law"; "[f]actual disputes that are irrelevant or unnecessarily will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts

5

showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). This burden is "particularly strong when that non-moving party also bears the burden of proof." *Caussade v. Brown*, 924 F. Supp. 693, 696 (D. Md. 1996).

**II.    This Court Lacks Subject Matter Jurisdiction to Review the Manner in Which the EEOC Processed Plaintiff's Administrative Charge.**

Plaintiff's claim against the EEOC should be dismissed for lack of subject matter jurisdiction, as there is no waiver of sovereign immunity that allows suit against the EEOC for alleged improper handling of an employment discrimination charge. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies[1] from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). It is well established that "no cause of action against the EEOC exists for challenges to its processing of a claim." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997). "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Id.* (citing numerous circuit court cases holding same).

For example, in *Thompson v. Baltimore City Bd. of Sch. Commissioners*, Case No. 23-cv-01449-SAG, 2024 WL 943437, at *4-7 (D. Md. Mar. 5, 2024), this Court recently dismissed claims against the EEOC in which the plaintiff challenged the EEOC's processing of her discrimination charges. Regarding Title VII and the American Disabilities Act, this Court explained that "[c]ourts have consistently held that neither the plain text nor the legislative history of these provisions [referring to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 12117(a)] authorizes a suit against the EEOC

---

[1] The EEOC is an agency of the United States government that was established by Congress in section 705 of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-4. The EEOC is responsible for processing administrative charges of employment discrimination filed by individuals under Title VII, 42 U.S.C. §§ 2000e-2000e-17, the ADA, 42 U.S.C. § 12101-12213, and other federal statutes prohibiting employment discrimination. *See* 42 U.S.C. §§ 2000e-5 (charge processing under Title VII); § 12117(a) (provision of the ADA adopting Title VII's charge processing procedures).

6

'for claims that the EEOC failed to properly investigate or process an employment discrimination charge.'" *Id.* at \*7 (quoting *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997)). Accordingly, this Court held that the claims were barred by sovereign immunity and dismissed for lack of subject matter jurisdiction. *Id.*

This Court should find the same in this case. Plaintiff's suit against the EEOC appears to be based on his disagreement with the way the EEOC processed his charge of discrimination. For example, Plaintiff alleges that the EEOC "has done nothing to demand the evidence that I seek, and instead are planning to potentially dismiss the case" (the "case" appears to refer to a Title VII and/or ADA lawsuit against his former employer, Baltimore City). ECF No. 1 at 6. He further alleges "[t]here is no way the EEOC could've finished their investigation without having obtained the discovery and questioned the witnesses I requested of them to question." *Id.* Because no cause of action exists for such a claim, this Court should dismiss Plaintiff's Complaint as against the EEOC for lack of subject matter jurisdiction.

### III. Plaintiff Never Made Any FOIA Request to the EEOC.

Plaintiff indicates in the Civil Cover Sheet that his claims are being brought under FOIA. ECF No. 1-1. However, Plaintiff fails to allege that he even filed a FOIA request, let alone that the EEOC failed to respond to a FOIA request or improperly withheld records. *E.g.*, *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013) ("A valid FOIA claim requires three components: the agency must have (1) improperly (2) withheld (3) agency records."). The EEOC has no record of any FOIA request having been filed by Plaintiff. *See* Exhibit 1, Declaration of Michael L. Heise.[2] Accordingly, to the extent any FOIA claim is being asserted against EEOC, it must be

---

[2] To the extent necessary, the Court may consider the Declaration of Michael L. Heise, attached hereto as Exhibit 1, in deciding this motion to dismiss, because it establishes that Plaintiff failed to exhaust administrative remedies under FOIA (because Plaintiff failed to properly make any FOIA request to the EEOC), thus depriving the court of subject matter jurisdiction. *See White v. Dep't of Homeland Sec.*, Case No. 21-cv-00219-EKD, 2022 WL 4448912, at \*4

7

dismissed. *E.g.*, *White*, 2022 WL 4448912, at *4 (dismissing FOIA claims because "[o]nly a valid FOIA request can trigger an agency's FOIA obligations, and 'failure to file a perfected request therefore constitutes failure to exhaust administrative remedies'").

### IV.   Plaintiff's Complaint Fails to Satisfy Rule 8.

While pro se litigants are held to a less stringent standard than that applied to formal pleadings drafted by lawyers, a pro se litigant must nevertheless comply with the Federal Rules of Civil Procedure. *See, e.g.*, *Jeffries v. Bos. Sci. Corp.*, Case No. 15-cv-3480-RWT, 2016 WL 4205771, at *2 (D. Md. Aug. 10, 2016) ("Although afforded more leeway than represented parties, *pro se* litigants must still conform their filings to the requirements of the Federal Rules of Civil Procedure, including Rule 8 and Rule 11."). "Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court." *Id.* at *1. *See also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (courts "cannot be expected to construct full blown claims from sentence fragments").

Rule 8(a) of the Federal Rules provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(2), (3). In addition, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The Rule 8(a) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

(W.D. Va. Sept. 23, 2022) ("the court may consider the declarations and exhibits submitted by defendants in support of their motion to dismiss [FOIA claims] for failure to exhaust administrative remedies under FOIA").

for the misconduct alleged." *Id.* While accepting well-pleaded factual allegations as true, "[t]he court is not obligated to accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory allegations devoid of any reference to actual events." *Reid v. Ocwen Loan Servicing, LLC*, 2017 WL 3475676, at *3 (D. Md. Aug. 11, 2017) (internal citations omitted). "[A] complaint must 'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Reid v. Ocwen Loan Servicing, LLC*, 2017 WL 3475676, at *3 (D. Md. Aug. 11, 2017). *See also Williams v. Bywater*, 2024 WL 774869, at *1 (D.D.C. Feb. 26, 2024) ("The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense . . . . A confused and rambling narrative of charges and conclusions does not comply with the requirements of Rule 8.").

Here, Plaintiff's Complaint is nonsensical and does not give the EEOC fair notice of the claims being asserted. The allegations against the EEOC consist of four sentences (one of which is "Frankly speaking this is malarkey!") and do not set forth the elements of any particular cause of action. Accordingly, the Complaint fails to satisfy Rule 8 and should be dismissed for failure to state a claim. *See, e.g.*, *Emrit v. Cent. Intl. Agency*, Case No. 22-cv-625-PX, 2022 WL 981331, at *1 (D. Md. Mar. 22, 2022) (dismissing claims for failing to satisfy Rule 8(a), finding "the pleading is inscrutable, and it is impossible to ascertain any proper cause of action" and further noting that "[f]or the same reason, the Complaint fails to put the defendant on notice as to the nature of the allegations against it."), *aff'd*, 2022 WL 2383940 (4th Cir. July 1, 2022); *Williams*, 2024 WL 774869, at *1 (dismissing claims for failure to satisfy Rule 8(a), finding "[s]o few cogent facts are alleged that the named defendant would not have adequate notice of the legal claims against him."); *Quarles v. Wells Fargo Bank, N.A.*, Case No. 20-3200-GJH, 2022 WL 3290722, at *9 (D. Md. Aug. 11, 2022) (dismissing claims for failure to satisfy Rule 8(a), finding it is

9

"unclear what the factual basis of these claims is").

As described *supra* at 2-3, several of Plaintiff's complaints filed in this Court have been dismissed on similar grounds.  *E.g.*, *Williams v. Farmer*, Case No. 23-cv-305-GLR, ECF No. 3 at 2 (dismissing claims, noting that "Williams has failed to articulate allegations which may be suitably addressed by this Court or to which the named Defendants should be required to respond."); *Williams v. United States of Amerikkka*, Case No. 21-cv-537-DKC, ECF No. 5 at 5 (same).  Plaintiff's claims brought in the instant case should likewise be dismissed.

## CONCLUSION

For the reasons set forth above, the EEOC respectfully requests that this Court grant its motion to dismiss and dismiss the Plaintiff's claims against it.

Dated:  July 31, 2025

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:   /s/  Jessica Dillon
Jessica F.W. Dillon (Bar No. 19249)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4892 (direct)
(410) 962-2310 (fax)
jessica.dillon@usdoj.gov

*Counsel for Defendant*