# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| Lamar A. Williams | * | |
| Plaintiff(s) | * | |
| | * | |
| vs. | * | Civil Case No.: 1:25−cv−00205−JRR |
| | * | |
| EEOC Baltimore Field Office, et al. | * | |
| Defendant(s) | * | |

---

## NOTICE

The defendant(s), EEOC Baltimore Field Office, has/have filed a motion to dismiss or for summary judgment. If this motion is granted, the Court may dismiss your case or enter judgment against you.

**You have the right to file a response to this motion within twenty−eight (28) days from the date of this letter, unless otherwise ordered by the presiding judge.** Your response should address the facts and arguments made by defendant(s) in their motion, but please note that Local Rule 105.3 limits the length of a memorandum to 30 pages, excluding attachments such as affidavits and exhibits.

In responding to a motion for summary judgment, your response should include affidavits (statements made under oath); declarations (statements made subject to the penalty of perjury under 28 U.S.C. § 1746); or other materials that contest the affidavits, declarations, or records filed by the defendant(s), which are needed to show the Court that a genuine issue of material fact remains to be determined and the case should proceed to trial or evidentiary hearing. If you cite to materials in support of your complaint that have NOT been filed with the Court already, you MUST attach them to your opposition. You may cite to any other materials filed by defendant(s) or submitted with your complaint without filing an additional copy.

If you need discovery to get information necessary to oppose defendants ' motion for summary judgment, you must file a request for additional time to conduct discovery under Federal Rule of Civil Procedure 56(d). Any request for discovery must include a detailed affidavit or declaration stating the discovery you need and how it relates to the issues raised in defendants ' motion. You must file this request no later than the deadline for responding to defendants ' motion for summary judgment.

**If you do not file a timely written response, or if your response is inadequate, the Court may dismiss the case or enter judgment against you without further opportunity to present written argument. If you file no written response, the Court will resolve the case based on the materials submitted by defendant(s).**

For your reference, a copy of excerpts of Federal Civil Rules 12 and 56, which govern a motion to dismiss or summary judgment, are attached to this notice.

CATHERINE M. STAVLAS, CLERK

Dated: _____July 31, 2025_____          By: _____Denise Skinner_____
                                                  Deputy Clerk


cc: Opposing Counsel

Case 1:25-cv-00205-JRR    Document 20    Filed 07/31/25    Page 2 of 5

**EXCERPTS OF FEDERAL RULES OF CIVIL PROCEDURE**
**Rule 12 and Rule 56**


**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions, Waiving Defenses; Pretrial Hearing**

    **(a)**   **Time to Serve a Responsive Pleading.** [OMITTED, but explained in attached Notice]

    **(b)**   **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
       (1)   lack of subject–matter jurisdiction;
       (2)   lack of personal jurisdiction;
       (3)   improper venue;
       (4)   insufficient process;
       (5)   insufficient service of process;
       (6)   failure to state a claim upon which relief can be granted; and
       (7)   failure to join a party under Rule 19.

       A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

    **(c)**   **Motion for Judgment on the Pleadings.** After the pleadings are closed––but early enough not to delay trial––a party may move for judgment on the pleadings.

    **(d)**   **Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

    **(e)**   **Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

    **(f)**   **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
       (1)   on its own; or
       (2)   on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

    **(g)**   **Joining Motions.**

    **(1)**  **Right to Join.** A motion under this rule may be joined with any other motion allowed by this rule.

    **(2)**  **Limitation on Further Motions.** Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h)**  **Waiving and Preserving Certain Defenses.**

    **(1)**  **When Some Are Waived.** A party waives any defense listed in Rule 12(b)(2)−(5) by:

        (A)  omitting it from a motion in the circumstances described in Rule 12(g)(2); or

        (B)  failing to either:

            (i)  make it by motion under this rule; or

            (ii)  include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

    **(2)**  **When to Raise Others.** Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

        (A)  in any pleading allowed or ordered under Rule 7(a);

        (B)  by a motion under Rule 12(c); or

        (C)  at trial.

    **(3)**  **Lack of Subject−Matter Jurisdiction.** If the court determines at any time that it lacks subject−matter jurisdiction, the court must dismiss the action.

**(i)**  **Hearing Before Trial.** If a party so moves, any defense listed in Rule 12(b)(1)−(7)−−whether made in a pleading or by motion−−and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

## Rule 56. Summary Judgment

**(a)**  **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense−−or the part of each claim or defense−−on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b)**  **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c)**  **Procedures.**

    **(1)**  **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        (B)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2)** **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3)** **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)** **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d)** **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1)    defer considering the motion or deny it;

    (2)    allow time to obtain affidavits or declarations or to take discovery; or

    (3)    issue any other appropriate order.

**(e)** **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1)    give an opportunity to properly support or address the fact;

    (2)    consider the fact undisputed for purposes of the motion;

    (3)    grant summary judgment if the motion and supporting materials––including the facts considered undisputed––show that the movant is entitled to it; or;

    (4)    issue any other appropriate order.

**(f)** **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    (1)    grant summary judgment for a nonmovant;

    (2)    grant the motion on grounds not raised by a party; or

    (3)    consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g)** **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact––including an item of damages or other relief––that is not genuinely in dispute and treating the fact as established in the case.

**(h)** **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court––after notice and a reasonable time to respond––may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.