IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMAR A. WILLIAMS,

      *Plaintiff*,

      v.

EEOC BALTIMORE FIELD OFFICE,
*et al.*,

      *Defendants*.

Civil No.: 1:25-cv-00205-JRR

## MEMORANDUM OPINION

Pending before the court is Defendant EEOC Baltimore Field Office's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 19; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, by accompanying order, the Motion (construed as a motion to dismiss) will be granted.

## I.    BACKGROUND[1]

*Pro se* Plaintiff Lamar A. Williams initiated this action on January 22. 2025, against Defendants the Equal Employment Opportunity Commission Baltimore Field Office (the "EEOC") and the Baltimore City Department of Public Works. (ECF No. 1; the "Complaint.") The Civil Cover Sheet attached to Plaintiff's Complaint (ECF No. 1-1) indicates the suit arises under 42 U.S.C. § 12203 (Prohibition against retaliation and coercion), 42 U.S.C. § 1983 (Civil action for deprivation of rights under color of law), the Maryland Public Information Act, MD. CODE ANN., GEN. PROV., §§ 4-101, *et seq*., and the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"); however, as best the court can discern, Plaintiff asserts claims against Defendant Baltimore City Department of Public Works for retaliation and failure to provide

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

discovery he requested as relation for an employment discrimination charge he asserts he filed with the EEOC, EEOC Case No. 531-2024-04911.  (ECF No. 1 at p. 6.)  As to Defendant EEOC, based on the allegations, Plaintiff appears to assert a claim for failure to properly investigate and process his employment discrimination charge.  *Id.*  Plaintiff asks the court to order the following relief: (1) "$150,000 in lost income"; (2) "$3,000,000 in front pay"; (3) "$1,000,000 in medical expenses"; (4) "$300,000 in non-compensatory pay"; and (5) an "indiscriminate amount of punitive damages."  *Id.* at pp. 5, 7.

On July 31, 2025, Defendant EEOC filed the instant Motion.[2]  (ECF No 19.)  On August 28, 2025, Plaintiff filed a motion for extension of time to file a response to the Motion or to allow him to submit an amended complaint.  (ECF No. 21.)  The court subsequently entered an order granting his request, giving Plaintiff leave to file a response on or before September 25, 2025, and noting that pursuant to Federal Rule of Civil Procedure 15, Plaintiff must obtain Defendant's consent or the court's leave to amend the Complaint.  (ECF No. 22.)  Plaintiff did not file a response to the motion and has not sought the court's leave to amend the Complaint.

## II.    LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(d)

Defendant EEOC brings its Motion as a motion to dismiss or, alternatively, for summary judgment.  (ECF No. 19.)  "A motion with this caption implicates the court's discretion under FED. R. CIV. P. 12(d)."  *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022).  Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  "Pursuant to Rule 12(d), the Court has

---

[2] The court notes that Defendant Baltimore City Department of Public Works has not appeared in this case or answered Plaintiff's Complaint although the docket reflects that a summons was returned executed for this Defendant on March 14, 2025, making an answer due by April 2, 2025.  (ECF No. 8.)  Plaintiff has not sought entry of default from the Clerk of the Court.

discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 WL 5335477, at *3 (D. Md. Sept. 22, 2016) (citations omitted).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'" *Snyder,* 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Second, the parties must first "be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177.

The case is presently in its infancy and there has been no discovery. In light of the above, and where, as here, the court need not consider matters outside the pleading, the court declines to convert the Motion as one for summary judgment.

## B. Federal Rule of Civil Procedure 12(b)(1)[3]

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Id.* A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, 'the facts alleged

---

[3] In addition to Rules 12(d) and 12(b)(1), the Motion invokes review under Rule 12(b)(6); however, because the court grants the Motion under Rule 12(b)(1) grounds only, the court does not set forth the standard applicable when reviewing a motion to dismiss under Rule 12(b)(6).

in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Id.* (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration")). "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'"[4] *Id.*

Defendant EEOC raises a facial challenge to the court's subject matter jurisdiction, asserting that sovereign immunity bars Plaintiff's claims against it. (ECF No. 48-2 at p. 12.) The defense of sovereign immunity is a jurisdictional bar because "sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)).

"The burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015) (citing *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir.1999)). "Accordingly, because Plaintiff bears the burden of establishing the Court's subject matter jurisdiction, [he] also 'bears the burden of pointing to an unequivocal waiver of immunity.'" *Nabinett v. United States*, No. CV JKB-20-1357, 2023 WL 3168353, at *4 (D. Md. Apr. 28, 2023) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

## III.    ANALYSIS

As an initial matter, the court is ever mindful that pro se filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings

---

[4] Because the court addresses EEOC's jurisdictional arguments only as to sovereign immunity, and Defendant does not offer its exhibit in support of same, the court need not consider the attached exhibit in addressing the jurisdictional argument.

drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Defendant EEOC asserts three arguments in its Motion: (1) Plaintiff's claims against it are barred by sovereign immunity; (2) Plaintiff never made any FOIA request to the EEOC; and (3) Plaintiff's Complaint should be dismissed for failure to satisfy Federal Rule of Civil Procedure 8. (ECF No. 19-1 at pp. 6–10.) The court begins by addressing the EEOC's sovereign immunity argument, which implicates the court's subject-matter jurisdiction.

### A. Sovereign Immunity

First, Defendant argues that "Plaintiff's claim against the EEOC should be dismissed for lack of subject matter jurisdiction, as there is no waiver of sovereign immunity that allows suit against the EEOC for alleged improper handling of an employment discrimination charge." (ECF No. 19-1 at p. 6.) As set forth above, Plaintiff failed to respond to EEOC's Motion and thus concedes the point. Regardless, the court addresses the merits of the argument below.

"As a general matter, the United States is immune from suit unless it waives that immunity." *Clendening v. United States*, 19 F.4th 421, 426 (4th Cir. 2021) (quoting *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp v.*

*Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).  Waiver must be "strictly construed" in favor of the Federal Government.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  The EEOC is a federal agency tasked with enforcing the fair employment statutes, including Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").  *See* 42 U.S.C. § 2000e-4; 42 U.S.C. § 12117.  The EEOC is thus a federal agency entitled to sovereign immunity.  *See Robinson v. United States Dept of Educ.*, 917 F.3d 799 (4th Cir. 2019) (finding that a federal agency enjoys "a presumption of immunity"); *Freeman v. Beverly*, No. 8:19-CV-01784-PX, 2020 WL 2747392, at *3 (D. Md. May 27, 2020) (holding that the EEOC enjoys a presumption of immunity from suit).

Here, Plaintiff fails to meet his burden of pointing to an unequivocal waiver of immunity as to the EEOC.  Moreover, as noted by the EEOC, while Plaintiff's Complaint fails to set forth a specific claim against it, Plaintiff appears to assert a claim for EEOC's improper handling of his employment discrimination charge.  (ECF No. 1 at p. 6.)  As this court has previously held, the various provisions of the federal fair employment statutes do not waive sovereign immunity as to the EEOC for claims challenging the sufficiency of an EEOC investigation.  *Freeman*, 2020 WL 2747392, at *3 (finding that "nothing in Title VII may be construed as a waiver of the EEOC's immunity from suit."); *see Thompson v. Baltimore City Bd. of Sch. Commissioners*, No. CV SAG-23-01449, 2024 WL 943437, at *7 (D. Md. Mar. 5, 2024) (finding that "[c]ourts have consistently held that neither the plain text nor the legislative history of [Title VII and the ADA] authorizes a suit against the EEOC 'for claims that the EEOC failed properly to investigate or process an employment discrimination charge.'") (quoting *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997)).

Accordingly, the EEOC's sovereign immunity has not been waived in this case and Plaintiff's claims against the EEOC will be dismissed for lack of subject-matter jurisdiction.[5]

## IV.   CONCLUSION

For the reasons set forth herein, by separate order, the Motion is granted.

March 9, 2026

/S/

_____
Julie R. Rubin
United States District Judge

---

[5] As the Complaint against Defendant EEOC will be dismissed on the grounds discussed above, the court declines to reach the balance of Defendant EEOC's arguments.